```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
             WESTERN DIVISION
```

**SOUFIANE EL ARCHIE**                                            **PLAINTIFF**

**VERSUS**                          CIVIL ACTION NO. 5:12cv38-DCB-RHW

**UNITED STATES OF AMERICA**                                      **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Defendant's Motion to Dismiss. The Plaintiff has not filed a response to this Motion, although it is unclear whether he has received a copy of the Defendant's Motion. As it stands, it appears that the Plaintiff is waiting to receive copies of the Motion and accompanying Memorandum.[1] Rather than provide the pro se Plaintiff additional time to respond to the United States's Motion, for the reasons stated below, the Court will simply deny the Government's Motion without prejudice and allow the pro se Plaintiff a limited window of time to amend his Complaint to address the deficiencies in the Complaint raised by the Government.[2]

---

[1] In a November 1, 2012 Letter Motion [docket no. 19], the Plaintiff stated that he did not receive copies of the Motion to Dismiss or Memorandum in Support filed by the United States and requested copies of each. Magistrate Judge Walker denied the Plaintiff's Motion, stating that the United States indicated that it had served the Plaintiff, and since he was not proceeding in forma pauperis, he would have to pay for the requested documents. See Nov. 16, 2012 Order, docket no. 21. Subsequently, the Plaintiff filed another document indicating that he is either unaware of the Court's denial of his Letter Motion or not satisfied with its ruling. See Rely to Response Motion, docket no. 23.

[2] Allowing the Plaintiff to amend his Complaint rather than file a response expedites a resolution of the exhaustion issue. When it comes to exhaustion, time is of the essence. 28 U.S.C. §

The Government is correct that the Plaintiff has not alleged or proven that he has exhausted his administrative remedies, which is a procedural prerequisite for maintaining a suit under the Federal Tort Claims Act. 28 U.S.C. § 2675(a). Moreover, the Court agrees with the Government that the Complaint does not allege facts indicating that the United States has waived its sovereign immunity with regard to the Plaintiff's claims. See 28 U.S.C. § 2680(c)(1)-(4). But because the Plaintiff is proceeding pro se, before dismissing his claim for these reasons the Court will afford him the opportunity to allege exhaustion and show why 28 U.S.C. § 2680(c)'s limited waiver of immunity applies. See Miller v. Stanmore, 636 F.2d 986, 991 (5th Cir. 1981). ("[R]ather than outright dismissal of a pro se complaint for failure to allege such exhaustion, the district court should afford the plaintiffs an opportunity to allege or show that they have properly exhausted their administrative remedies, or that they should be excused from this requirement, before their complaint is dismissed on failure-to-exhaust grounds.").

To cure the Complaint's deficiencies, the Plaintiff must

---

2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."). Dismissal of the Plaintiff's Complaint on the basis of his failure to exhaust would be without prejudice, allowing the Plaintiff to begin the exhaustion process, that is of course if he has not already exhausted.

either allege exhaustion or that he should be excused from exhaustion. To be clear, the Plaintiff should only make these allegations if supported by facts or law. Moreover, the FTCA does not waive sovereign immunity for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). The United States is correct that the officers named in the Complaint are "other law enforcement officers" and therefore qualify for protection under this statute. See <u>Crawford v. U.S. Dept. of Justice</u>, 123 F. Supp. 2d 1012, 1014 (S.D. Miss. 2000). Thus, the Plaintiff must allege facts showing that one of the four exceptions to this general bar apply. See 28 U.S.C. § 2680(c)(1)-(4).

Accordingly, **IT IS HEREBY ORDERED THAT** the United States's Motion to Dismiss is **DENIED WITHOUT PREJUDICE. IT IS FURTHER HEREBY ORDERED** that the Plaintiff has forty-five (45) days from the date of entry of this Order to amend his Complaint consistent with the Court's instruction above.[3] The Court additionally instructs that if the Plaintiff determines that he cannot proceed with the present suit because the exhaustion issue, he should present his claim to the appropriate federal agency as soon as possible. Exhaustion is

---

[3] Obtaining copies of the Government's Motion and Memorandum also would assist the Plaintiff in crafting an Amended Complaint.

3

a *prerequisite* to suit, so even if the Plaintiff begins the exhaustion process now, he may not maintain *this* suit because the Court would lack subject matter jurisdiction. <u>United States v. Kubrick</u>, 444 U.S. 111, 117-18 (1979). Finally, while the Court retains the authority to dismiss the Plaintiff's Complaint *sua sponte* if he fails to cure its deficiencies within the allotted time, by dismissing the United States's Motion without prejudice the Court has allowed for the Government to file a second Motion to Dismiss after the expiration of the forty-five (45) days.

So **ORDERED,** this the 4th day of March 2013.

       /s/ David Bramlette
    **UNITED STATES DISTRICT COURT**